STATE OF LOUISIANA      *      NO. 2023-K-0643

VERSUS      *

     COURT OF APPEAL

ALFRED GREEN      *

     FOURTH CIRCUIT

     *

     STATE OF LOUISIANA

* * * * * * *

ON SUPERVISORY WRIT FROM THE
CRIMINAL DISTRICT COURT ORLEANS PARISH
NO. 466-984, SECTION "D"
Judge Kimya M. Holmes,
* * * * * *
**Judge Paula A. Brown**
* * * * * *

(Court composed of Chief Judge Terri F. Love, Judge Joy Cossich Lobrano, Judge Paula A. Brown)

Jason Rogers Williams
District Attorney
Brad Scott
Chief of Appeals
Orleans Parish
619 S. White Street
New Orleans, LA 70119

     COUNSEL FOR STATE OF LOUISIANA/ RESPONDENT

Alfred Green #427445
Dixon Correctional Institute
P. O. Box 788 Unit I; Dorm-J
Jackson, LA 70748

     PRO SE DEFENDANT/ RELATOR

         **WRIT GRANTED; RELIEF DENIED**
         **OCTOBER 26, 2023**

PAB
TFL
JCL

Relator, Alfred Green ("Relator"), seeks review of the district court's September 18, 2023 summary disposition, which denied Relator's application for post-conviction relief. For the reasons that follow, we grant Relator's writ application, but the requested relief is denied.

## FACTS AND PROCEDURAL HISTORY

Relator was charged by grand jury indictment on October 4, 2006, with armed robbery, a violation of La. R.S. 14:64.[1] That same day, Relator's co-conspirator, Ladoia Smith ("Mr. Smith") (collectively "Defendants"), was charged by grand jury indictment with armed robbery and simple robbery, a violation of La. R.S. 14:65. [2]

_____

[1]La. R.S. 14:64(A) provides "[a]rmed robbery is the taking of anything of value belonging to another from the person of another or that is in the immediate control of another, by use of force or intimidation, while armed with a dangerous weapon."

[2]La. R.S. 14:65 provides:

    A. Simple robbery is either of the following:

    (1) The taking of anything of value belonging to another from the person of another or that is in the immediate control of another, by use of force or intimidation, but not armed with a dangerous weapon.

    (2) The taking of anything of value when a person is part of a group of three or more individuals and the person has the intent to take anything of value from a retail establishment that is in the immediate control of a retail employee or

1

On June 12, 2007, following a jury trial, Relator was found guilty of armed robbery, and Mr. Smith was found guilty of simple robbery. On July 26, 2007, Mr. Smith was sentenced to seven years at hard labor. On August 24, 2007, Relator was sentenced to forty years at hard labor without the benefit of parole, probation, or suspension of sentence. Thereafter, Defendants filed an appeal with this Court, arguing that the evidence presented at trial was insufficient to support their convictions. In an unpublished opinion rendered on July 23, 2008, this Court affirmed the convictions and sentences of Defendants. *See State v. Smith*, *unpub.*, 07-1429 (La. App. 4 Cir. 7/23/08), 2008 WL 8922921, at *1 (holding that "any rational trier of fact could have found beyond a reasonable doubt all of the essential elements of the offense of armed robbery were present, including, necessarily, that [Relator] was the individual who robbed the victim" and that "any rational trier of fact could have found beyond a reasonable doubt that [Mr. Smith] was a principal to the crime of armed robbery").

In May of 2021, Relator filed his first application for post-conviction relief and motion for order to unseal polling sheets of the jury. Thereafter, the district court's clerk's office produced the polling sheets of the jury, and the State filed its response to Relator's application. The district court denied Relator's application for post-conviction relief on March 9, 2023.

On May 16, 2023, Relator filed his second application for post-conviction relief. Relator also filed, on June 30, 2023, his second motion for order to unseal polling sheets of the jury. Relator filed an application for writ of mandamus with this

---

employer and there is a reasonable belief that a reasonable person would not intercede because of fear.

Court on September 6, 2023, alleging that the district court failed to timely act on his second application for post-conviction relief. This Court granted the writ and ordered the district court to consider and act upon Relator's application for post-conviction relief. Thereafter, on September 18, 2023, the district court issued its ruling, denying post-conviction relief without a hearing on the issues raised in the application pursuant to La.C.Cr.P. art. 929(A).[3] Relator is now seeking supervisory review of the district court's denial of his second application for post-conviction relief.

## DISCUSSION

In his application for supervisory review, Relator asserts two assignments of error:

1. The District Court abused its discretion, violating Petitioner's substantial rights, by entering a Summary Disposition denying relief after reviewing the polling slips *in camera.* This was done *sua sponte* citing La. C.Cr.P. art. 929(A), without first receiving the State's answer to Petitioner's Application for Post-conviction Relief, or providing Petitioner with a copy of the answer or the polling slips.

2. The Court should have gave [sic] an opinion on the merits of the claim and argument where the State itself had raised no procedural objections.

"The standard of review of a [district] court's ruling on an application for post-conviction relief is abuse of discretion." *State v. Henry*, 20-0412, p. 13 (La. App. 4

---

[3]La. C.Cr.P. art. 929(A) provides:

If the court determines that the factual and legal issues can be resolved based upon the application and answer, and supporting documents, including relevant transcripts, depositions, and other reliable documents submitted by either party or available to the court, the court may grant or deny relief without further proceedings.

3

Cir. 10/29/20), 307 So.3d 249, 257 (citing *State v. Jones*, *unpub*., 08-0516 (La. App. 4 Cir. 2/11/09), 2009 WL 8684639, at *4).

*Assignment of Error No. 1*

In his first assignment of error, Relator contends that the district court erred in entering a summary disposition without first providing him with a copy of the State's answer to his application or a copy of the polling sheets of the jury. In his second application for post-conviction relief filed with the district court, Relator argued that his conviction was the result of a non-unanimous jury verdict; therefore, the decision in *Ramos v. Louisiana*, 590 U.S. ___, 140 S. Ct. 1390, 206 L.Ed.2d 583 (2020), should be applied retroactively to his case. However, this argument must fail for two reasons. First, in its summary disposition denying relief, the district court determined that "after unsealing polling slips and examining the slips *in camera* … Relator's verdict was unanimous." And, under La. C.Cr.P. art. 928, an "application [for post-conviction relief] may be dismissed without an answer if the application fails to allege a claim which, if established, would entitle the petitioner to relief." Based on its review of the polling slips, the district court found that Relator was not entitled to relief based on the claim alleged in his application. As Relator was not entitled to relief, it was within the district court's discretion to deny the application for post-conviction relief without first receiving an answer from the State.

Secondly, the Louisiana Supreme Court has recently held that "the new rule of criminal procedure announced in *Ramos* that requires unanimity in jury verdicts is not retroactive on state collateral review in Louisiana." *State v. Reddick*, 21-01893,

p. 16 (La. 10/21/22), 351 So.3d 273, 283. Since Relator's conviction and sentence were final, this matter came before the district court on collateral review. In keeping with this state's jurisprudence, the district court held that the *Ramos* decision should not be applied retroactively to Relator's conviction. For these reasons, we find that the district court did not abuse its discretion by entering a summary disposition denying Relator's application for post-conviction relief.

*Assignment of Error No. 2*

In his second assignment of error, Relator contends that the district court erred in not giving him an opinion on the merits of his claim. We find this argument to be without merit, because the district court addressed both the unanimity of his verdict and the inapplicability of the *Ramos* decision to be applied retroactively to his conviction.

**DECREE**

Based on the foregoing, we find that the district court did not abuse its discretion in summarily denying post-conviction relief to Relator.

**WRIT GRANTED; RELIEF DENIED**

5